**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Christian Berger, | No. CV-21-08222-PCT-DLR |
| Petitioner, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael T. Morrissey (Doc. 25) regarding Movant's pro se Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 13). The R&R recommends that the Motion to Vacate, Set Aside or Correct Sentence be denied and dismissed with prejudice and that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be denied.

Movant filed an objection to the R&R, (Doc. 28), and Respondent filed a response, (Doc. 31). Movant thereafter filed an Objection to the United States' Objection and Objection to All Past and Future Objections. (Doc. 32.) The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**I. Background**

Movant was indicted on March 28, 2013, charged with possession of a machinegun, possession of an unregistered firearm, and possession of firearms while having a prior

felony. On January 28, 2014, Movant pled guilty to one count of illegal possession of a machinegun. Movant admitted in the factual basis of his plea that between July 15, 2012, and August 22, 2012, he knowingly possessed a Browning 1919 machinegun and knew it was illegal to possess that weapon. On June 24, 2014, Movant was sentenced to a 65-month term of imprisonment, followed by three years of supervised release. Movant did not appeal.

More than seven years after he was convicted and sentenced, on October 12, 2021, Movant filed his motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Court denied his motion but with leave to amend. On January 6, 2022, Movant filed a second amended motion (Doc. 13), raising fifteen grounds for relief.

**II. Discussion**

Movant's first objection (Doc. 28) re-urges his complaints against his counsel but does not raise any factual or legal errors in the R&R. Movant's objection does not challenge the R&R's finding that the District Court entered judgment on June 25, 2014. Nor does it challenge the finding that his conviction became final on July 9, 2014, and that to have been timely, Movant's § 2255 petition would have had to have been filed by July 9, 2015. Nor does it challenge the finding that Movant mailed his § 2255 motion on October 7, 2021, more than seven years after the conviction became final.

Movant's second objection in his "Objection to the United States' Objection and Objection to All Past and Future Objections" (Doc. 32) makes the same and similar arguments as his first objection. He again argues that his attorney did not adequately represent, claiming that additional failing included the failure to interview witnesses, the failure to request a drug test of Movant's hair follicle, and the failure to present letters from people who knew that he does not use cocaine.

The record supports the R&R's findings that Movant has not proven that extraordinary circumstances prevented him from filing a timely § 2255 motion. Movant merely alleged that his trial counsel was ineffective in failing to investigate or interview witnesses in this case before Movant pled guilty. (Doc. 13 at 20.) In his two objections he

made similar assertions about his attorney, but he also made accusations, unsupported by facts, of "police terrorism," and a "Navajo County Mafia, engaging in serious criminal conduct on the level of actual terrorism," "the trauma of having the police and then the federal government commit crimes" as grounds for tolling. (Doc. 28 at 1-4.) Movant argues in his "Response to Report and Recommendation" (Doc. 28), that equitable tolling should be "granted in the interests of justice." (Doc. 28 at 1.) Bald accusations are not evidence, they do not establish extraordinary circumstances and they do not establish that the R&R erred.

In addition to failing to show extraordinary circumstances, Movant has not shown that the R&R erred in its conclusion that he did not diligently pursue his rights. Although Movant apparently filed a bar complaint against his trial counsel, he did not attempt to raise an ineffective assistance of counsel claim or otherwise challenge his conviction until he filed the present § 2255 motion, filed over seven years after his conviction. Movant waited until January 2018, *over three years after his conviction* and over two-and-a-half years after a timely § 2255 motion was required to be filed, to request his criminal case file or his trial counsel's contact information. (Doc. 13-1 at 7-8.) *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (holding petitioner did not diligently pursue his rights where he waited years before deciding to seek relief in federal court); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009) ("If diligent, [petitioner] could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline, or at least could have filed it less than 340 days late assuming that some lateness could have been excused."). Petitioner has not shown facts that provide a basis for equitable tolling.

The Court finds that the R&R did not err in its conclusion that Movant's § 2255 motion is untimely, and Movant is not entitled to equitable tolling. The R&R correctly found that the record is sufficiently developed, and an evidentiary hearing is unnecessary for resolving this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011).

**IT IS ORDERED** that Movant's Objections to the R&R (Docs. 28 and 32), are **OVERRULED**.

**IT IS ORDERED** that the R&R (Doc. 25) is **ACCEPTED**.

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 13) is **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS ORDERED** that because reasonable jurists could find the ruling debatable or jurists could conclude the issues presented are adequate to deserve encouragement to proceed further, a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and terminate this action.

Dated this 29th day of December, 2022.

Douglas L. Rayes
United States District Judge